11-2082-ag
Tian v. Holder

BIA
Van Wyke, IJ
A098 994 590

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand twelve.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

_____

ZHI KAI TIAN,
> *Petitioner,*

v.                                                    11-2082-ag
                                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Luis E. Perez, Senior
                         Litigation Counsel; Elizabeth D.
                         Kurlan, Trial Attorney, Office of
                         Immigration Litigation, U.S.
                         Department of Justice, Washington
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhi Kai Tian, a native and citizen of China, seeks review of the April 27, 2011, decision of the BIA affirming the June 1, 2009, decision of Immigration Judge ("IJ") William Van Wyke, denying Zhi Kai Tian's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Kai Tian*, No. A098 994 590 (B.I.A. Apr. 27, 2011), *aff'g* No. A098 994 590 (Immig. Ct. N.Y. City June 1, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications governed by the REAL ID Act, such as the application in this

case, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's adverse credibility determination. In finding Tian not credible, the IJ reasonably relied in part on Tian's hesitant and unresponsive demeanor while testifying. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The IJ's demeanor finding was further supported by specific examples of contradictory testimony. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Indeed, the IJ reasonably found discrepancies between Tian's testimony and a letter from his mother, for which Tian was unable to provide a compelling explanation. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also*

3

*Majidi*, 430 F.3d at 80-81.  Thus, we find no error in the IJ's denial of Tian's application for asylum, withholding of removal, and CAT relief on credibility grounds.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4